## State *v.* Yearwood.

*(Jackson,* April Term, 1935.)

Opinion filed June 10, 1935.

NAT TIPTON, Assistant Attorney-General, for plaintiff in error.

JACK NORMAN, CHARLES EMBRY, and R. C. BOYCE, all of Nashville, for defendant in error.

MR. JUSTICE DEHAVEN delivered the opinion of the Court.

Defendant in error, J. W. Yearwood, was indicted for violation of sections 11226-11238, inclusive, of the Code, the indictment averring that defendant in error, as constable of Davidson county, did take into his possession certain intoxicating liquors, being in possession of one Robert Armstrong in violation of law, and did unlawfully fail to deliver such liquors to the sheriff of Davidson county within five days after taking same into his possession.

Defendant in error filed a plea in abatement to the indictment, which plea avers, in substance, that Robert Armstrong, from whose premises he seized and took the intoxicating liquors, was keeping them in his possession for present and future sale as a beverage. The plea further avers that he arrested the said Robert Armstrong, and seized and is holding said liquors under a search warrant and under section 11255-11257 of the Code, subject to the judgment of the criminal court of Davidson county.

The original search warrant was exhibited and appears in the record properly identified by the trial judge.

The district Attorney-General duly moved to strike the plea for insufficiency. The matter was heard by the trial judge who held the plea sufficient and abated

the indictment, from which judgment the state has duly appealed to this court.

The sole question made by the assignments of error is whether or not the plea in abatement is sufficient as a matter of law to abate the indictment.

It appears from the plea in abatement that defendant in error seized and is holding said intoxicating liquors under a search warrant. This warrant was sued out by defendant in error under section 11898 of the Code. The warrant, issued by a magistrate, directed defendant in error to make a search of the person and premises of one "John Doe, *alias* Armstrong," at 4408 Charlotte avenue, Nashville, in Davidson county, for "a quantity of intoxicating liquors" intended by such person to be kept in unlawful possession or transported or sold as a beverage, *"and if you find the same or any part thereof, to bring it forthwith before me at 309½ Deaderick."* (Italics ours.)

The return made by defendant in error, as constable, on the search warrant was, "Ex by searching premises finding 3 gallons of whisky under house." The judgment rendered by the magistrate on the search warrant was as follows: "Due and proper return having been made of the within warrant, the property seized as described in the return shall be retained, subject to the orders of the Criminal Court of Davidson County; and the within warrant, affidavit, and return shall be filed in the office of the Clerk of said Court."

Section 11909 of the Code is as follows: "Disposal of property by magistrate.—When the property is taken under the warrant and delivered to the magistrate, he shall, if it was stolen or embezzled, cause it to be delivered to the owner, on satisfactory proof of his title,

but if the warrant was issued on the second, third, or fourth ground specified in the second section of this chapter, *he shall retain the property in his possession,* subject to the order of the court to which he is required to return the proceedings, or of the court in which the offense is triable." (Italics ours.)

The second, third, and fourth grounds specified in the second section of the chapter (section 11898) are:

"(2) Where it [the property] was used as the means of committing a felony.

"(3) Where it is in the possession of any person with the intent to use it as a means of committing a public offense, or in the possession of another to whom he may have delivered it, for the purpose of concealing it, or preventing its discovery.

"(4) Any other ground provided by law."

The warrant here in question was issued under the second, third, and fourth grounds set forth, and hence it was the duty of the magistrate under section 11909, to retain the liquors seized under the search warrant, subject to the orders of the criminal court of Davidson county.

Defendant in error, bound as he was by the judgment of the magistrate that said liquors be retained, subject to the orders of the criminal court of Davidson county, cannot be held to have "unlawfully and fraudulently" failed to deliver said liquors to the sheriff of Davidson county within five days after taking same into his possession, as set forth in sections 11224-11238 of the Code.

Defendant in error was without legal authority to hold said liquors under the provisions of sections 11255-11257 of the Code, constituting article 9, entitled: "Intoxicating Liquors Not to Be Kept in Stock for Present

or Future Sale as a Beverage.'' Under section 11255, it is only when an officer has in his hands process requiring the arrest of any person for a violation ''of this article'' that it is made his duty, upon making the arrest, to seize all intoxicating liquors found in the possession of such person, and to hold the same ''until the person arrested shall have been tried and convicted or acquitted.'' Defendant in error was not commanded by the search warrant to arrest ''John Doe, *alias* Armstrong.'' The search warrant statute contains no provision authorizing the arrest of the person whose premises are ordered searched.

Our conclusion is that the plea in abatement is good in law. The search warrant, under which defendant in error set up in the plea that he was holding the liquors, contains the command that the liquors, if found, be brought before the magistrate who issued the warrant. The judgment of the magistrate, rendered on the warrant, was that said liquors be retained. This judgment was in strict accord with section 11909 of the Code.

The judgment of the trial court must be affirmed.